IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON K. JORDAN,

                Plaintiff,

v.

JUDGE RICHARD T. WERNER,

                Defendant.

ORDER

12-cv-171-bbc

---

      On March 13, 2012, I directed plaintiff Jason Jordan to submit his six-month trust fund account statement so that I could assess an initial partial payment of the $350 fee for filing this case. In response to the March 13 order, plaintiff has not submitted the required trust fund account statement, but instead has submitted a petition and affidavit to proceed without prepayment of fees and/or costs. This isn't going to work: the court must have the six month account statement before it can act on plaintiff's request. To be fair to plaintiff, I will construe his petition to include a request for an extension of time to submit the required statement and I will extend his deadline to submit his trust fund account statement to May 4, 2012.

      Congress has dictated the manner in which how fees are calculated for prisoners filing federal lawsuits and appeals, and I have no discretion to modify this method. Therefore, if plaintiff intends to pursue his request to proceed *in forma pauperis* in this lawsuit, he will need to submit a six-month trust fund account statement. According to 28 U.S.C. § 1915 (a)(2), a prisoner's account statement must be for the six-month period immediately preceding the filing of the complaint. Here, this would be the period beginning September 8, 2011 and ending March 8, 2012. If plaintiff was incarcerated at any other institution between September 8, 2011 and ending March 8, 2012, then he will have to write to that institution to request a certified copy of his trust fund account statement for the relevant period. Once plaintiff has

submitted the necessary statement(s), I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2). If plaintiff fails to provide his statement, then this case will be closed.

ORDER

IT IS ORDERED that plaintiff Jason Jordan is GRANTED an enlargement of time to May 4, 2012, in which to submit a trust fund account statement covering the period beginning approximately September 8, 2011 and ending March 8, 2012. If, by May 4, 2012, plaintiff fails to respond to this order, then the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 12th day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge